GRIFFIN, Judge.
Anne A. Knotts (“former wife”) appeals an amended order modifying a final judgment of dissolution of marriage reducing the former husband’s alimony obligation from $2,100 per month to $1,500 per month. Wq agree with former wife that the lower court erred in concluding that there had *652 been a material change in the financial circumstances of the parties that would support modification; accordingly, we reverse.
The underlying supplemental final judgment of dissolution was entered on December 13, 1989 after hearings had been held in August on the property and financial issues. At the time of the hearing, the husband was a 61 year old physician who, for several years prior to the dissolution, had been the director of a hospital emergency room earning an income of approximately $168,000. Prior to the hearing, however, husband had lost that position and had recently reentered private practice. Wife urged the alimony award should be based upon his earnings history of $168,-000; husband contended alimony should be based upon his one month earning history as a private physician of $3,000.
After the trial court entered the final judgment, husband filed a motion for rehearing, raising objections to several features of the judgment, including the alimony award. As the transcript of the hearing held on this motion reflects, the trial court explained that he had based the alimony award on two factors: (1) the husband’s August, 1989 financial affidavit showing an estimated anticipated monthly income in private practice of $6,000 per month and (2) a letter from husband’s employer estimating income in the anticipated range of $70,-000 to $80,000. For those stated reasons, the trial court denied the husband’s motion for rehearing. Husband appealed the final judgment to this court, raising several issues, including the award of permanent alimony. Husband contended on appeal that his actual income was too small to justify the amount awarded. We affirmed the final judgment of dissolution without opinion.
Two months later, husband filed a petition for modification below, contending that there had been a “substantial change in circumstances warranting modification of the final judgment.” The petition alleged that at the time of the final judgment there had not been sufficient time to establish actual earning capacity in private practice; therefore the court could only impute income based on his prior $168,000 annual earnings. Husband claimed that since it was by now well established that he would not make $168,000 in private practice, he was entitled to a modification. The record reflects that in 1991 husband’s actual income was $72,348.
After hearing, the trial court granted the modification stating:
This substantial change [in circumstances] is reflected by the fact that the Petitioner, Ben F. Knotts, Jr.’s income for the year preceding the entry of the final judgment was $168,000 and due to the fact that the Petitioner’s former employment as the Emergency Room Director with South Florida Baptist Hospital was terminated forcing the Petitioner at the age of 62 to return to private practice as a physician, as a result of which, his income for the year preceding the trial before this court was $72,-348....
The court further found this was a “substantial and significant diminution in income.”
Given the fact that this record clearly shows that the basis for the trial court’s original alimony award was the finding that husband had an earning capacity of between $70,000 and $80,000 per annum, and given that the record shows that the husband’s income in the year preceding the hearing on the petition for modification was within that range, we can find no basis to support the trial court’s conclusion that there had been a substantial change in circumstances that would warrant modification.
Accordingly, we reverse and remand to the trial court with instructions that the petition for modification be denied.
REVERSED and REMANDED.
PETERSON, J., concurs.
COWART, J., dissents without opinion.